**MAGAZU, et al v. COUNTY COMMISSION, et al.**

Circuit Court, Dade County.

December 9, 1955.

Paul H. Laufer and Byrd V. Duke, Jr., both of Miami, for plaintiffs.

Hudson & Cason, Miami, for defendant Board of County Commissioners.

John H. Wahl, Jr., Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for defendant C. V. Van Orsdel.

CHARLES A. CARROLL, Circuit Judge.

This cause came on to be heard before me on the pleadings, report of testimony and findings of the special master and on exceptions filed thereto on behalf of the defendant Van Orsdel, and the court has considered the record and heard argument of counsel.

This property lies on the south side of 119th Street just west of N. W. 7th Avenue, in the county.

By its nature, and by statute, county zoning is general. This change does not change the zoning, but simply grants an owner permission to use his property for a single designated use prohibited by the existing zoning.

Now the master found that 7th Avenue is commercial. That justifies the fact that the corner, lot 9, bordering on 7th Avenue has been zoned for business.

The master found that the north side of 119th Street opposite the location in question is zoned for business (gas station, super market and post office).

He further found that with development of the area, 119th Street has become an arterial thoroughfare, and that while the area generally is residential the lots on the south side of 119th Street in this block are no longer desirable for one-family residences.

If we accept those factual findings as correct, then it is apparent that the lots on 119th Street at that point could well be rezoned for business, which business including the business of mortuary is now desired for lots 6-8 by defendant Van Orsdel.

Plaintiff Magazu owns lots 1-5, lying to the west of the lots involved here. If Magazu's lots are no longer desirable for residence use, and cannot profitably be used for the purpose for which they are presently zoned, then there would be no basis for objection to a liberalization of zoning to permit the property to be used for business.

The county did not rezone the property for business, but in effect granted a permit to use the property in violation of the resi-

dence zoning, which is a spot-zoning misuse of the statutory power to zone.

Resolution 7997 attempts to permit use of a mortuary as the only type of business. That indicates that except for use for the mortuary business the property is for residence purposes only. Also, it implies that if not used for a mortuary, or if it ceases to be used for a mortuary it can again be used for residence purposes only.

Furthermore, the resolution includes conditions as to the manner of use, and details about construction and placing of walls and hedges, and for the county to approve and supervise this business man's signs, landscaping, etc. The resolution is uncertain, where like resolutions must be clear and definite.

Since the county is to undertake perpetual supervision of the walls, hedges, landscaping, signs and the nature and condition of the building, the resolution is void for uncertainty. For example, it does not show any of the following as to the walls, how high, how thick, what material, what exterior, etc. As to the hedge, what kind, how thick, how high, when trimmed. As to the signs, what kind, how many, what size, what lights, what hours displayed.

An ordinance or resolution of that kind, which because of incompleteness and vagueness leaves the enforcement up to the discretion and whims of officials, is invalid.

The master found, on the facts, that the property in question could properly be rezoned for business, presumably including the desired use for a mortuary. On that basis the county could and possibly should so rezone it for such a business classification, that is, for whatever business classification is appropriate and necessary in that area and under the conditions affecting the property. The decision on that is up to the county. But the authority to zone does not include the authority to depart from zoning to let someone make a non-zoning use of zoned property, at least not without exceptional conditions which certainly are not shown here.

Whereupon, it is ordered, adjudged and decreed as follows— (1) This court has jurisdiction of the parties and of the subject matter of this suit. (2) The said exceptions to the master's report are overruled and the report is confirmed. (3) The equities of the cause are with the plaintiffs, and county commission resolution 7997 of February 15, 1955 is held to be invalid, and its permits and provisions are hereby enjoined from enforcement. (4) The costs of this cause, including $500 which is hereby allowed to the special master as his fee, are charged against defendants.